IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARWIN MONTANA,

        Petitioner,

vs.                                Case No. 3:15-cv-00470-DRH

JAMES N. CROSS,

        Respondent,

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, District Judge:**

     Darwin Montana is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois.  (Doc. 1 at 1.)  Proceeding *pro se*, Montana has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a disciplinary ruling related to a search of his cell and his resulting loss of good conduct credits.  (*Id*. at 7)  Montana insists that the discipline hearing officer's ruling was supported by "insufficient evidence," and claims that his cellmate was not permitted to testify at his hearing.  (*Id*. at 4, 7.)

     This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules

gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

## Background

While Montana is currently housed at the Federal Correctional Institution in Greenville, the charge at issue stems from a 2012 search of his cell at the Big Sandy Penitentiary in Inez, Kentucky.  (Doc. 1 at 3, 7.)  Montana was not in his cell when the search began; Montana arrived midway through the search to find Officer Mills – a prison official at Big Sandy – exploring his cell.  (*Id.* at 7.)  Mills finished the search of Montana's cell and then searched a number of other cells nearby, all "without securing [Montana's] cell."  (*Id.*)  After the searches were finished, Montana was sent to the Special Housing Unit, seemingly related to whatever contraband was found in his cell.  (*Id.*)  (Montana does not say what Mills found.)  While Montana was held in the Special Housing Unit, prison officials gave him a collection of property retrieved from his cell – property that Montana insists does not belong to him.  (*Id.*)

On May 25, 2012, the discipline hearing officer held a hearing concerning the search of Montana's cell.  (*Id.* at 4, 7.)  Montana was found guilty and, among other punishments, lost 41 days of good conduct credits.  (*Id.* at 7, 11.)  Montana appealed to the Regional Commissioner on December 7, 2012, claiming that there was insufficient evidence of guilt; the Commissioner issued its "support" of the hearing officer's finding in April 2013.  (*Id.* at 4.)  Montana claims that he has filed additional appeals, but has not received a formal response.  (*Id.* at 5.)

Letters from the prison, dated December 9, 2014 and August 27, 2014, suggest that the delay is due to a "backlog in appeals," but otherwise instruct Montana to treat his appeal as denied if he does not hear back from the prison "within the time allotted for reply." (*Id.* at 12.)

On April 28, 2015, Montana filed the instant § 2241 petition. (*Id.* at 1.)

**<u>Discussion</u>**

Montana's habeas petition deals with the revocation of his good conduct credits and the process he is owed prior to revocation.  In this vein, "[f]ederal inmates have a liberty interest in their earned good time" and are "entitled to due process before any time [can] be revoked." *Perotti v. Marberry*, 355 F. App'x 39 (7th Cir. 2009).  "In the prison disciplinary context, due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by some evidence in the record." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).  Here, Montana alleges that his revocation lacked evidentiary support and that his cellmate was not allowed to testify at the disciplinary hearing.

Montana's petition is light on facts, raising concerns that it does not state a claim under Federal Rule of Civil Procedure 8.  For a plaintiff to state a claim, he must plead "enough facts" to put forth a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The main purpose of the plausibility requirement is notice:  a complaint passes muster if it includes

enough information to provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but fails if the "factual detail in a complaint" is "so sketchy" that a defendant cannot discern what they did or how it was improper, *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009).  In the end, how much a plaintiff must plead to satisfy Rule 8 changes with the nature of a case – a "more complex case involving financial derivatives" or "antitrust violations" will "require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405-06 (7th Cir. 2010).

Under these standards, Montana's petition pleads just enough to satisfy Rule 8, especially given the Court's duty to construe *pro se* filings liberally and hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.  Montana's petition puts forth the date of the disciplinary hearing, the name of the hearing officer, the fact that the discipline concerned a search of his cell, and his claim that the revocation of his credits had "insufficient" evidentiary support.  (Doc. 1 at 3-5, 7.)  Montana also alleges that multiple inmates had access to his cell, implying that the revocation decision was not supported by "some evidence" because the property at issue could have belonged to other inmates.  (*Id.* at 7.)  Finally, Montana states that his cellmate was not allowed to testify at the hearing concerning the source of the property at issue.  (*Id.*)  These allegations give Cross notice and are sufficient to

allege a straightforward due process claim for Rule 8 purposes, so Montana's petition may proceed through preliminary review.  *See Shelby v. Gelios*, 287 F. App'x 526, 529 (7th Cir. 2008) (holding that Rule 8 was satisfied when prisoner alleged that disciplinary charge was not supported by "some evidence" because "many inmates" had access to cell).

## Disposition

**IT IS HEREBY ORDERED** that Montana's petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer Montana's petition within thirty days of the date this order is entered.[1]  This order to respond does not preclude the Respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  May 20, 2015**

Digitally signed by
David R. Herndon
Date: 2015.05.20
11:58:47 -05'00'

**United States District Judge**