IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARWIN MONTANA,**

        **Petitioner,**

vs.                                          Civil No. 15-cv-00470-DRH-CJP

**WARDEN, TOM WATSON**
        **Respondent.**[1]

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Darwin Montana (Petitioner), a federal inmate, filed a writ of habeas corpus under 28 U.S.C. § 2241. He challenges a disciplinary ruling that found him guilty of possessing a weapon and resulted in the loss of good-conduct credit.

### Relevant Facts and Procedural History

In 2012, a correctional officer at United States Prison (USP) Big Sandy conducted a search of Petitioner's cell that he shared with another inmate. The search returned a five-inch piece of metal, sharpened to a point, which the officer recovered from Petitioner's secured locker. The officer charged Petitioner with possessing a weapon, in violation of Code 104, *see* 28 C.F.R. § 541.3. (Doc. 10, Ex. 2, pp. 1-2).

A disciplinary hearing took place in November 2012, at which Petitioner called no witnesses and exercised his right to remain silent. According to the

---

[1] As the current warden of FCI Greenville, Tom Watson is substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

Discipline Hearing Officer Report (Doc. 10, Ex. 2), the officer who conducted the hearing (the DHO)

> considered the report submitted by [an officer] which describes his eyewitness account to the incident, in which [the officer] found the homemade weapon in [Petitioner's] cell during a routine cell search. The DHO considered the photographic evidence in the form of photographs of the weapon found, as well as the Chain of Custody Log for the aforementioned weapon. The DHO also considered [Petitioner's] silence. The DHO interpreted [Petitioner's] posture of no defense to the charges to mean [Petitioner] had neither an interest nor viable evidence in which to refute the charge.

The DHO found Petitioner guilty of possessing a weapon and sanctioned Petitioner thirty days of disciplinary segregation, a thirty-day loss of commissary privileges, and a loss of forty-one days of good conduct time. (Doc. 10, Ex. 2, pp. 1-3).

Petitioner exhausted his administrative remedies, *see* Doc. 10, pp. 3-4, and filed a § 2241 petition in this Court, Doc. 1.

## Grounds for Relief

In his § 2241, Petitioner argues there is insufficient evidence to support the DHO's decision. He principally argues the DHO failed to establish Petitioner had possession of the weapon because his cellmate also had access to the area. (Doc. 1, p. 7). Petitioner also asserts the DHO should have interviewed his cellmate; the locker in which the weapon was located was not actually his; and the DHO drew improper inferences from Petitioner's silence. (Doc. 12).

## Analysis

Federal prisoners have a liberty interest in earned good-time credit and, therefore, the revocation of good-time credit must comport with due process

requirements. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). However, prisoners do not enjoy all of the procedural and evidentiary rules of a criminal or civil trial, and institutional needs may curb inmates' due process rights. *Lenea v. Lane*, 882 F.2d 1171, 1174 (7th Cir. 1989).

On review, this Court does not examine the entire record, make credibility assessments, or reweigh the evidence. *Id.* at 1175. Instead, the relevant question is whether "some evidence in the record" supports the disciplinary board's conclusion. *Hamilton v. O'Leary*, 976 F.2d 341, 344-45 (7th Cir. 1992). To determine whether "some evidence" supports the determination, the Court can look only to the evidence available during the administrative process. *Id.* at 345-46.

As a preliminary matter, the Incident Report, located at Doc. 10, Ex. 2, pp. 25-26, provides that Petitioner admitted ownership of the weapon. This far exceeds the "some evidence" standard needed to uphold the DHO's decision. Nonetheless, the Court will address Petitioner's arguments in turn.

Petitioner first contends there is insufficient evidence he possessed the weapon because multiple inmates had access to his cell. Petitioner, however, remained silent throughout his disciplinary hearing and did not call any witnesses. The DHO cited evidence the weapon was found in Petitioner's secured locker located in the cell he shared with one other inmate.

"The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is

unproblematic." *Hamilton*, 976 F.2d at 345 (citing *Walpole v. Hill*, 472 U.S. 445, 456-57 (1985)). The record before the DHO in Petitioner's case demonstrates two inmates had access to the area and, thus, there was a 50% chance Petitioner placed the weapon in the locker. *See Id.* (where 32 inmates had access to an area, there was a 3.1% chance the petitioner placed the weapon there). According to the Seventh Circuit, "a 50% probability amounts to 'some evidence.'" *Id.*

Petitioner maintains the locker was not his and that testimony from his cellmate would have exonerated him. However, he did not raise these issues at the disciplinary hearing and due process does not require "the consideration of evidence that could have been but was not presented at the hearing." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Finally, Petitioner asserts the DHO improperly drew adverse inferences from Petitioner's silence at the hearing. As mentioned above, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has squarely addressed and rejected Petitioner's argument: "The short of it is that permitting an adverse inference to be drawn from an inmate's silence at his disciplinary proceedings is not, on its face, an invalid practice . . ." *Baxter v. Palmigiano*, 425 U.S. 308, 320 (1976); *see also Lenea*, 882 F.2d at 1174 ("And adverse inferences may be drawn from an inmate's silence at a disciplinary hearing, even though unquestionably that would be prohibited in a criminal trial.").

## Conclusion

Some evidence supports the DHO's determination that Petitioner was guilty of possessing a weapon. Petitioner has not otherwise demonstrated he was denied due process in connection with the disciplinary proceedings. Therefore, his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 **(Doc. 1)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
15:15:16 -06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).